FILED

09 DEC -2 PM 12: 14

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNE THEPSOMBANDWITH,<br><br>                       Petitioner,<br>vs.<br><br>V.M. ALMAGER, Warden,<br><br>                       Respondent. | CASE No. 07cv2248 BEN (RBB)<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

      Concurrently herewith, the Court entered judgment denying the Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Effective December 1, 2009, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11 foll. 28 U.S.C. § 2254; 28 U.S.C. § 2253; Fed.R.App.P. 22(b). For the reasons set forth below, the Court **DENIES** certificate of appealability as to all claims asserted by Petitioner in his Petition for Writ of Habeas Corpus.

      A certificate of appealability ("COA") is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2). The applicant must meet the "substantial showing" standard with respect to each issue he or she seeks to raise on appeal. *Lambright v. Stewart*, 220 F.3d 1022, 1024 (9th Cir. 2000).

      With respect to Petitioner's first claim based on alleged prosecutorial misconduct, "[t]he issue of whether to grant a COA 'becomes somewhat more complicated where, as here, the district court dismisses the (claims) based on procedural grounds.'" *Lambright v. Stewart*, 220 F.3d 1022, 1026 (9th

1

1  Cir. 2000), quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In that situation, this Court "must
2  decide whether 'jurists of reason would find it debatable whether the petition states a valid claim of
3  the denial of a constitutional right'" and "whether 'jurists of reason would find it debatable whether
4  the district court was correct in its procedural ruling.'" *Id.*

5  In this case, the Court finds that reasonable jurists would not find it debatable that Petitioner
6  was denied a constitutional right or that the district court was not correct in its procedural ruling.
7  *Slack*, 529 U.S. at 484; *Lambright*, 220 F.3d at 1026. Accordingly, the Court hereby **DENIES** a
8  certificate of appealability as to Petitioner's first claim.

9  With respect to Petitioner's second and third claims based on ineffective assistance of counsel
10 and due process violation, respectively, as these claims have been denied on their merits, Petitioner
11 can meet the threshold of "substantial showing of the denial of a constitutional right" by demonstrating
12 that: (1) the issues are debatable among jurists of reason; (2) that a court could resolve the issues in
13 a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further.
14 *Lambright*, 220 F.3d at 1024-25 (9th Cir. 2000), citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000),
15 and *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). The purpose of this standard is "to promote
16 Congress' intent to 'to prevent frivolous appeals from delaying the States' ability to impose
17 sentences...' while at the same time protecting the right of petitioners to be heard." *Lambright*, 220
18 F.3d at 1025 (citing *Barefoot*, 463 U.S. at 892).

19 In this case, the Court finds that reasonable jurists would not find it debatable that Petitioner
20 was denied a constitutional right or that a court could resolve the issues in a different matter. *Slack*,
21 529 U.S. at 484; *Lambright*, 220 F.3d at 1026. Additionally, the questions are not adequate to deserve
22 encouragement to proceed further. (*Id.*) Accordingly, the Court **DENIES** a certificate of appealability
23 as to Petitioner's second and third claims.

24 **IT IS SO ORDERED.**
25 DATED: /2/01       , 2009

Hon. Roger T. Benitez
United States District Judge

2

07cv2248